IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DEAN LAVER, | § § § | |
| Petitioner, | § § | |
| v. | § § | 1:25-CV-742-RP |
| WARDEN, FCI BASTROP, | § § § | |
| Respondent. | § | |

**ORDER**

Before the Court is Petitioner Christopher Dean Laver's ("Laver") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Pet., Dkt. 1). The case was referred to United States Magistrate Judge Mark Lane for a report and recommendation pursuant to 28 U.S.C. § 636(b). Judge Lane filed his report and recommendation on September 24, 2025. (R. & R., Dkt. 10). In his report and recommendation, Judge Lane recommends that the Court deny Laver's petition. (*Id.* at 4). Laver timely filed objections to the report and recommendation. (Dkt. 12). A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Laver timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Laver's objections and adopts the report and recommendation as its own order, but modifies it in part.

For the reasons described in the report and recommendation, Laver has not identified a miscalculation of his First Step Act ("FSA") earned time credits ("FTCs"). The plain language of the FSA only allows 365 days of time credits to be applied to supervised release. 18 U.S.C. § 3624(g)(3). Any remaining FTC can be applied to an early transfer to prerelease custody at a residential reentry

1

center or under home confinement. 18 U.S.C. § 3624(g)(2). The BOP is permitted to apply FTCs only once a prisoner has earned FTC equal to the remainder of his sentence. *See* 18 U.S.C. § 3624(g)(1)(A). The BOP has calculated May 14, 2026, as Laver's FSA conditional placement date. (Dkt. 8-1, at 21). This is the date at which Laver's earned FTC is equal to the remainder of his projected sentence. Laver is projected to earn 1,025 FTC by May 14, 2026, and March 4, 2029, is 1,025 days after May 14, 2026. (R. & R., Dkt. 10, at 5−6). By contrast, Laver's proposed FTC calculations would have him released long before he meets this requirement. (*Id.*). As such, the Court adopts the conclusions of the report and recommendation.

However, the Court declines to adopt the reasoning in the report and recommendation in Section III(B), finding that "when prisoners move to prerelease custody [under the First Step Act] is a discretionary decision within BOP's authority to designate the prisoner's place of imprisonment." (R. &. R., Dkt. 10, at 6−7). The FSA uses "shall" language when describing applying FTCs to prerelease custody: "Time credits earned . . . *shall* be applied toward time in prerelease custody or supervised release. The Director of the [BOP] *shall* transfer eligible prisoners . . . into prerelease custody or supervised release." 18 U.S.C. § 3632 (d)(4)(C) (emphasis added). Here, because Laver has not reached his date of eligibility for prerelease custody based on his FTCs, the Court will not reach the issue of whether § 3632 (d)(4)(C) imposes a mandatory or discretionary duty.

Accordingly, **IT IS ORDERED** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 10), is **ADOPTED**, as modified above. Laver's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. 1), is **DENIED**.

**SIGNED** on November 18, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE